IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALBERT LEE,

    PLAINTIFF,

v.     No. _____

SYLVIA MATHEWS BURWELL,
SECRETARY, U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    DEFENDANT.

## **COMPLAINT**

Plaintiff alleges:

1. This action arises under Title VII of the Civil Rights Act of 1964. Jurisdiction is appropriate in this Court pursuant to 42 U.S.C. § 2000e-5.

2. Plaintiff is a former employee of the Gallup Indian Medical Center, an agency of the Department of Health and Human Services.

3. Plaintiff was discharged as a result of his race from the Gallup Indian Medical Center.

4. Plaintiff has completed the procedures in the Equal Employment Opportunity Commission and has the right to sue.

5. Plaintiff basis his charge that he was termination on the basis of his race based upon the following facts.

6. Plaintiff was promised a Hospitalist job by agents of the Defendant when he was recruited. The agreement was that he would be the Hospitalist as soon as it

became available at GIMC. Plaintiff has a Bachelors in Biology and a Masters in Internal Medicine. Because of his racial status as a Native American, Plaintiff was not given this position and it went to a non-Native.

7. Plaintiff's contract gave him a probationary period of 24 months. Non-Natives providers only had a 12-month probation period.

8. Non-Natives would have opinions of how things should be done in a more productive way, and they be heard my management. When Plaintiff would make a suggestion or had question about procedures, the suggestion or question would be put aside. He was told things such as "what gives you the right, Mr. 'Critical Care'!"

9. Plaintiff was never included to any of the social events (i.e. luncheons, parties or meetings). He was treated as an outsider. The Department of Internal Medicine holds parties for the new doctors. There were three different invitations for one single non-Native hire. Plaintiff never received a new doctor party, and he was never invited to such a social event in the department.

10. Plaintiff was not asked to perform critical care procedures even though he was available to perform them. They were asked to be done by non-Natives. Plaintiff would bring the necessary procedures to the attention of management, then they would reluctantly let him assist the non-Native doctors.

11. The grounds for Plaintiff's termination were patently false, and were simply a pretext for the discriminatory firing.

12. Plaintiff was damaged by the discrimination, and he demands recovery of his damages, including lost pay, emotional harm damages, attorneys' fees, costs and such other relief as the Court deems appropriate.

DAED this 26th day of April, 2016.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
Telephone (505) 863-2205
Fax (866) 604-5709